FILED
TARRANT COUNTY
6/10/2022 7:08 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. \_\_141-334028-22\_\_

| | | |
|---|---|---|
| **MONIQUE TAPLIN** | § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § § | |
| VS. | § § | **TARRANT COUNTY, TEXAS** |
| **DARLENE ROSS AND KLLM TRANSPORT SERVICES, LLC** | § § § § § | |
| *Defendants.* | § | \_\_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff MONIQUE TAPLIN files Plaintiff's Original Petition complaining of Defendants DARLENE ROSS and KLLM TRANSPORT SERVICES, LLC.

### I.  DISCOVERY CONTROL PLAN

Discovery is intended to be conducted under Level 3 pursuant to Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.  RULE 47 PLEADING REQUIREMENTS

As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of ther Court.  As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief of over $250,000 but not more than $1,000,000.  The amount of monetary relief actually awarded, however, will ultimately be determined by a jury.  Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## III.  PARTIES

Plaintiff MONIQUE TAPLIN is an individual resident of Irving, Dallas County, Texas. Her driver's license number is *****605 and her social security number is ***-**-*058.

Defendant DARLENE ROSS is an individual resident of New Oreleans, Bossier County, Texas who resides at 6401 Maumus Ave., New Orleans, Louisanna 70137. She can be served with process through Service of Process, Secretary of State, P.O. Box 12079, Austin, Texas 78711.

Defendant KLLM TRANSPORT SERVICES, LLC.  is a corporation doing business in Dallas, Dallas County, Texas and may be served with process by serving its registered agent, CT Corporation System, at 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

## IV.  JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of ther Honorable Court.

Ther Court has venue over the parties to ther action since the incident complained of herein occurred in Tarrant County, Texas. Venue therefore is proper in Tarrant County, Texas pursuant to the TEXAS CIVIL PRACTICE & REMEDIES CODE §15.002.

## V.  FACTS

Ther lawsuit arises out of a motor vehicle collision that occurred on or about Monday, December 21, 2020 at or near the intersection University Blvd. and Interstate 20, in Arlington, Tarrant County, Texas. Plaintiff, MONIQUE TAPLIN, was attempting to turn left when Defendant, DARLENE ROSS, in an 18-Wheeler owned by Defendant,

KLLM TRANSPORT SERVICES, LLC. collided with her vehicle. Defendant DARLENE ROSS, was attempting to turn left and failed to maintain a proper distance from the Plaintiff's vehicle, resulting in a collision. As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from ther incident.

## VI.  CAUSES OF ACTION

### A.    NEGLIGENCE – DEFENDANT DARLENE ROSS

At the time of the motor vehicle collision, Defendant DARLENE ROSS was operating her 18-wheeler negligently. Specifically, Defendant had a duty to exercise ordinary care and operate her 18-wheeler reasonably and prudently.  Defendant breached that duty in one or more of the following respects:

  a. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

  b. Defendant failed to yield the right-of-way in violation of Texas Transportation Code Section 545.151;

  c. Defendant entered the intersection when it was unsafe to do so;

  d. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

  e. Defendant failed to timely apply the brakes of her 18-wheeler in order to avoid the collision in question; and

  f. Defendant failed to safely operate her 18-wheeler;

### B.    NEGLIGENCE PER SE – DEFENDANT DARLENE ROSS

Defendant DARLENE ROSS's conduct described herein constitutes an unexcused breach of duty imposed by Texas Transportation Code 544.007. Plaintiff was a member of the class that Texas Transportation Code 544.007 was designed to protect. Defendant's

unexcused breach of the duty imposed by Texas Transportation Code 544.007 proximately caused damages described herein.

C.  **NEGLIGENT ENTRUSTMENT – DEFENDANT KLLM TRANSPORT SERVICES, LLC.**

As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendant KLLM TRANSPORT SERVICES, LLC. was the owner of the vehicle driven by Defendant DARLENE ROSS. Defendant KLLM TRANSPORT SERVICES, LLC. entrusted the vehicle to Defendant DARLENE ROSS. Defendant DARLENE ROSS was incompetent, and/or reckless and Defendant KLLM TRANSPORT SERVICES, LLC. knew or should have known that Defendant DARLENE ROSS was incompetent, and/or reckless. Defendant DARLENE ROSS's negligence on the occasion in question proximately caused the collision.

D.  **RESPONDEAT SUPERIOR – DEFENDANT KLLM TRANSPORT SERVICES, LLC.**

Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant DARLENE ROSS was in the course and scope of her employment with Defendant KLLM TRANSPORT SERVICES, LLC. thereby making Defendant KLLM TRANSPORT SERVICES, LLC. liable under the doctrine of *Respondeat Superior*.

E.  **NEGLIGENCE – DEFENDANT KLLM TRANSPORT SERVICES, LLC.**

Defendant KLLM TRANSPORT SERVICES, LLC. failed to properly hire, retain, train, and/or supervise Defendant DARLENE ROSS in order to prevent such accident.

Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## VII.  DAMAGES

As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

a.  Medical expenses in the past and future;

b.  Property damage and loss of use of Plaintiff's vehicle;

c.  Physical pain and suffering in the past and future;

d.  Mental anguish in the past and future; and

e.  Physical impairment in the past and future.

## X.  INTENT TO USE DEFENDANTS' DOCUMENTS

Plaintiff hereby gives notice of intent to utilize items produced in discovery against the party producing same.  The authenticity of such items is self-proven per TRCP 193.7.

## XI.  JURY TRIAL

Plaintiff demands a trial by jury and includes the appropriate jury fees.

## XII.  U.S. LIFE TABLES

Notice is hereby given to the Defendants that Plaintiff intends to use the U.S. Life Tables as prepared by the Department of Health and Human Services.

## XIII.  RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

1. Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

2. Plaintiff's future medical expenses;

3. Plaintiff's property damage and loss of use of Plaintiff's vehicle;

4. Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

5. Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

6. Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

7. Interest on the judgment at the legal rate from the date of judgment;

8. Pre-judgment interest on Plaintiff's damages as allowed by law;

9. All costs of court; and

10. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE HEALD LAW FIRM, PLLC**

*/s/ Kristofor Heald*
**KRISTOFOR HEALD**
State Bar No. 24058770
Kris.Heald@healdlawfirm.com
12222 Merit Drive, Suite 800
Dallas, Texas 75251
Telephone: (469)598-1900
Facsimile: (469)598-1910

**ATTORNEY FOR PLAINTIFF**